J-S77025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARVEY TABRON | |
| Appellant | No. 654 EDA 2014 |

Appeal from the PCRA Order February 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0414231-1976

BEFORE: STABILE, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.: **FILED DECEMBER 22, 2014**

Appellant, Harvey Tabron, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The trial court sets forth the relevant facts and procedural history of this appeal as follows:

On November 9, 1976, following a jury trial, [Appellant] was found guilty of second degree murder[2] and two

_____

*Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502.

counts of robbery[3] before the Honorable Judge Albert F. Sabo.[1]  On January 7, 1977, [Appellant] was sentenced to serve a mandatory term of life imprisonment on the murder conviction, and concurrent terms of ten to twenty years' imprisonment for the robbery convictions by Judge Sabo.  [Appellant] did not file an appeal from the judgment of sentence.

> [1] The instant matter was administratively assigned to this [c]ourt for a decision following its appointment to the position of Supervising Judge of the Criminal Division of the Court of Common Pleas of Philadelphia County.

[Appellant] filed his first petition seeking post conviction collateral relief on October 3, 1977, following which counsel was appointed to represent him.[2]  After two hearings before the Honorable Edward J. Blake, [Appellant's] PCHA petition was denied on October 29, 1980.  The [Superior] Court affirmed the denial on September 22, 1983.

> [2] It is noted that [Appellant] filed his first petition for relief pursuant to the Post Conviction Hearing Act (PCHA), 42 Pa.C.S.A. 9541 *et seq.* (repealed and replaced by the PCRA for petitions filed on or after April 13, 1988).  Because the instant petition is not [Appellant's] first, the one-year grace period provided in the 1996 amendments to the PCRA "does not apply to second or subsequent petitions, regardless of when the first petition was filed." ***Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa.Super.2002), *appeal denied*, 827 A.2d 429 ([Pa.]2003).

[Appellant] filed his second petition seeking post-conviction collateral relief on January 14, 1997.  The trial court denied his petition without a hearing on July 14, 1997.  The Superior Court affirmed the court's order on December 28, 1998.  No further appeal was taken.

---

[3] 18 Pa.C.S. § 3701.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed June 3, 2014, at 1-2.

On June 15, 2012, Appellant filed the instant petition, which he styled as a petition for a writ of *habeas corpus*. The court issued Pa.R.Crim.P. 907 notice of its intention to dismiss the petition as an untimely PCRA petition on August 7, 2012. After Appellant responded to the notice on August 27, 2012, the court dismissed the petition on February 10, 2014. On February 24, 2014, Appellant timely filed a notice of appeal. The court did not order, nor did Appellant file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

> DID THE TRIAL COURT ERR [BY IMPOSING A LIFE] SENTENCE ON JANUARY 07, 1977[?]

> DID THE TRIAL COURT ERR IN FAILING TO FIND THE TRIAL COUNSEL INEFFECTIVE FOR FAILING TO PROPERLY PRESENT A DEFENSE FOR APPELLANT, AND NOT OBJECTING TO THE IMPOSED SENTENCE[?]

> DID THE TRIAL COURT IMPOSE AN ILLEGAL SENTENCE ON JANUARY 07, 1977[?]

> SHOULD THE CASE BE REMANDED FOR FURTHER REVIEW, AND CORRECTION OF SENTENCE[?]

Appellant's Brief at 7.

Initially, we must determine whether the trial court properly treated Appellant's purported *habeas corpus* petition as a PCRA petition. We observe:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542;

- 3 -

> *Commonwealth v. Haun*, [32 A.3d 697] ([Pa.]2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* [*Commonwealth v.*] *Fahy*, [737 A.2d 214,] 223–224 [Pa.1999]; *Commonwealth v. Chester*, [733 A.2d 1242] (Pa.1999).[[4]] Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. *See Commonwealth v. Peterkin*, [722 A.2d 638] ([Pa.]1998); *see also Commonwealth v. Deaner*, 779 A.2d 578 (Pa.Super.2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

*Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa.Super.2013).

Although Appellant purports to file a writ of *habeas corpus*, his claims for relief fall within the purview of the PCRA, because (1) he is currently serving a term of imprisonment, and (2) he alleges an illegal sentence claim. 42 Pa.C.S. § 9543(a). Therefore, the lower court properly treated Appellant's alleged *habeas corpus* petition as a PCRA petition, and issued its order as a denial of PCRA relief. *See Taylor*, *supra* (treating appellant's writ of *habeas corpus* as a PCRA petition).

Our review of a PCRA court's decision "is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa.2012).

---

[4] Abrogated on other grounds by *Commonwealth v. Grant*, 813 A.2d 726 (Pa.2002).

Before addressing the merits of Appellant's claims, we must first consider the timeliness of his PCRA petition because it implicates the jurisdiction of both this Court and the PCRA court. *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa.Super.2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." *Id.* Further, to "accord finality to the collateral review process[,]" the PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa.2011).

With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011). This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

**§ 9545.  Jurisdiction and proceedings**

\*     \*     \*

**(b) Time for filing petition.–**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:
 (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
 (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
 (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, even if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Finally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." ***Commonwealth v. Jette***, 23 A.3d 1032, 1043 (Pa.2011). A second or subsequent PCRA petition "will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." ***Commonwealth v. Hawkins***, 953 A.2d 1248, 1251 (Pa.2006). In a second or subsequent post-conviction proceeding, "all

issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred." ***Commonwealth v. Williams***, 660 A.2d 614, 618 (Pa.Super.1995).

Appellant argues that the sentencing court erred in imposing a term of life imprisonment under the version of 18 Pa.C.S. § 2502 in effect in 1977. He claims that the court should have applied the version of Section 2502 in effect in 1974, which he claims carried a penalty of ten (10) to twenty (20) year's incarceration.

Instantly, Appellant's judgment of sentence became final on February 6, 1977, thirty (30) days after the pronouncement of his sentence, which he did not appeal. He filed this PCRA petition on June 15, 2012, over thirty-four (34) years after the expiration of his time limit. Thus, Appellant's petition is facially untimely, and we must determine whether Appellant has pled and proved any of the exceptions to the PCRA time limitation. ***See*** 42 Pa.C.S. § 9545(b)(1).

In his reply brief, Appellant attempts to invoke an exception to the PCRA time bar by claiming that the facts upon which the claim is predicated were unknown to him and could not have been ascertained by the exercise of due diligence. In the first place, Appellant fails to explain why he did not become aware of the alleged discrepancy between the 1974 and 1977

versions of Section 2502 until 2012. He fails, in other words, to demonstrate that he raised this claim within 60 days of the date he first could have presented it. 42 Pa.C.S. 9545(b)(2). Moreover, Appellant did not plead and prove this exception to the time bar in his PCRA petition, but raised it for the first time in his reply brief. Thus, he has waived this issue. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa.Super.2007) ("exceptions to the [PCRA] time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal"); *see also* Pa.R.A.P. Rule 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

In short, Appellant's petition is time-barred, and even if it were timely, he has waived the sentencing issue that he now attempts to raise on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/22/2014</u>